15 CV 00821

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

RIVER LIGHT V, L.P. and
TORY BURCH LLC,

     Plaintiffs,

     v.

TOP FASHION INC. d/b/a TOP HANDBAG
and CAI YAN CHEN,

     Defendants.



C.A. No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs River Light V, L.P. and Tory Burch LLC ("TB LLC") (together, "Tory Burch") file this Complaint for trademark infringement, trademark counterfeiting, trademark dilution, and trademark cancellation, as well as copyright infringement, unfair competition, and other related claims against defendants Top Fashion Inc. d/b/a Top Handbag ("Top Fashion") and Cai Yan Chen (together, "Defendants"), and in support thereof allege as follows.

## NATURE OF THE ACTION

1.    This case concerns Defendants' sale of a line of infringing and counterfeit Tory Burch products and blatant copying and unlawful use of Tory Burch's intellectual property, including a confusingly similar and/or substantially indistinguishable version of Tory Burch's iconic "TT Logo" trademark depicted below, which dilutes Tory Burch's registered and common law rights in several respects.



2.     For over a decade, Tory Burch, together with its authorized licensees, has used the distinctive and famous TT Logo as its core branding element in connection with the sale of its distinctive style of handbags, clothing, footwear, jewelry, and a variety of other products through TORY BURCH retail boutiques, select high-end specialty stores and department stores, and online at toryburch.com.  Tory Burch owns many federal trademark registrations (some of which are incontestable) for the TT Logo, and similar variations thereof, in connection with such products. In addition, Tory Burch owns a federal copyright registration for the TT Logo.

3.     Tory Burch also uses and owns copyright registrations for the below-depicted "4T Design" and "Lux T Jacquard Design."



**4T Design**          **Lux T Jacquard Design**

4.     Tory Burch has invested significant time, energy, and hundreds of millions of dollars in the advertising, promotion, and offering of its goods and services under the TT Logo, 4T Design, Lux T Jacquard Design, and other variations thereof (collectively, Tory Burch's TT Logo and its variations are referred to herein as the "Tory Burch Trademarks," and the copyrighted designs of the TT Logo, the 4T Design, and the Lux T Jacquard Design are referred to herein as the "Tory Burch Copyrighted Designs").

5.     The TT Logo and/or other of the Tory Burch Trademarks and Copyrighted Designs appear on virtually all of Tory Burch's products.  The Tory Burch Trademarks and Tory Burch Copyrighted Designs are closely and uniquely associated with the TORY BURCH brand and have

come to symbolize the high quality that consumers expect from Tory Burch as the source of such products. Accordingly, Tory Burch enjoys strong consumer loyalty, recognition, and goodwill in the Tory Burch Trademarks and Copyrighted Designs.

6. The TT Logo in particular is famous, and embodies an enormous amount of goodwill, which is a valuable asset of the company.

7. Reflecting its popularity and iconic status, the TT Logo and other Tory Burch Trademarks are often infringed and counterfeited, and Tory Burch enforces its rights through legal actions. Tory Burch has spent significant resources protecting its trademarks and copyrighted designs from infringers unlawfully and unfairly attempting to capitalize on Tory Burch's goodwill.

8. Defendants are one such group, trading unfairly off of Tory Burch's goodwill and pirating Tory Burch's intellectual property. In spite of Tory Burch's clear and longstanding rights in the Tory Burch Trademarks in connection with handbags, footwear, clothing, jewelry, and other products, Defendants have adopted confusingly similar designs—the "Infringing TT Logo" and the "Infringing T Design" depicted below—and use them in connection with the unauthorized manufacture, production, distribution, advertisement, offering for sale, and/or sale of counterfeit products, including handbags, footwear, clothing, and jewelry (the "Infringing Products").



| *Infringing TT Logo* <br> *(as compared to the TT Logo and 4T Design)* | *Infringing T Design* <br> *(as compared to the Lux T Jacquard Design)* |

9.     As shown below, Defendants position the Infringing TT Logo and Infringing T Design on their Infringing Products—products which themselves mimic the distinctive style of the Tory Burch products—in the same size and manner as Tory Burch positions the Tory Burch Trademarks and Copyrighted Designs on its products, including with the Infringing TT Logo in the same gold tone used by Tory Burch, thereby conveying to consumers a product that has the same overall commercial impression as Tory Burch products.  To further the deliberate deception, Defendants also use merchandise hangtags that feature an orange hue suspiciously similar to the distinctive orange hue that is used by, and has come to be associated with, Tory Burch.  Thus, the overall manner in which Defendants design, market, and sell their Infringing Products replicates the Tory Burch merchandising aesthetic and makes clear that Defendants' adoption and use of the Infringing TT Logo and Infringing T Design is not merely a coincidence.



*Genuine Tory Burch Clutch*



*Defendants' Infringing Clutch*



*Genuine Tory Burch Tote*



*Defendants' Infringing Tote*



***Genuine Tory Burch Tote        Defendants' Infringing Tote***

10.     Defendants are not connected or affiliated with Tory Burch, nor do they have permission from Tory Burch to use any of the Tory Burch Trademarks or Tory Burch Copyrighted Designs or any other intellectual property belonging to Tory Burch.  Rather, Defendants are blatantly exploiting the Tory Burch Trademarks and Copyrighted Designs for Defendants' own commercial gain, intending to confuse and deceive the public by drawing on Tory Burch's goodwill in the marketplace.  By using the Infringing TT Logo and Infringing T Design to sell the Infringing Products that deliberately copy the style of the Tory Burch products, Defendants intend to, and are likely to, cause confusion and deceive consumers and the public regarding the source of Defendants' products, and to dilute the value of Tory Burch's intellectual property, all to the detriment of Tory Burch.

11.     Defendants' infringement and dilution of the Tory Burch Trademarks, and infringement of the Tory Burch Copyrighted Designs, has and will continue to irreparably harm Tory Burch and the substantial goodwill it has developed in its brand.  It also has and will continue to cause monetary harm in an amount to be determined at trial.

5

## PARTIES

12.     TB LLC is a Delaware limited liability corporation having its principal place of business at 11 West 19th Street, 7th Floor, New York, New York 10011.

13.     River Light V, L.P. is a subsidiary of TB LLC, and is a Delaware limited partnership having its principal place of business at 11 West 19th Street, 7th Floor, New York, New York 10011. River Light V, L.P. is the record owner of the intellectual property, including the Tory Burch Trademarks and Tory Burch Copyrighted Designs at issue in the instant action, and licenses such intellectual property exclusively to its affiliate TB LLC in the United States for use and sub-licensing in connection with TB LLC's business.

14.     Upon information and belief, defendant Top Fashion is a domestic entity located at 145 West 30th Street, Unit B, New York, New York 10001 and at 143 W 30th New York, New York 10001.  Top Fashion may be served through its owner, operator, and co-managing agent, Cai Yan Chen at 143 W 30th New York, New York 10001, or at 145 West 30th Street, Unit B, New York, New York 10001 or at 251-23 57 Avenue, Little Neck, New York 11362, or through Top Fashion's CEO and co-managing agent, Xing Hua Lin, at 143 W 30th New York, New York 10001, or at 145 West 30th Street, Unit B, New York, New York 10001.

15.     Upon information and belief, defendant Cai Yan Chen is an individual residing in New York at 251-23 57 Avenue, Little Neck, New York 11362.  Upon information and belief, Cai Yen Chen is the owner, operator, and co-managing agent of defendant Top Fashion.  Cai Yan Chen may be served at 251-23 57 Avenue, Little Neck, New York 11362, or at 143 W 30th New York, New York 10001, or at 145 West 30th Street, Unit B, New York, New York 10001.

## JURISDICTION AND VENUE

16.     Tory Burch files this action against Defendants for trademark infringement, counterfeiting, dilution, and cancellation under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), as well as for copyright infringement under 17 U.S.C. § 101, *et seq.*, unfair competition and for related claims under the statutory and common law of the State of New York.  This Court has subject matter jurisdiction over the federal trademark infringement, dilution, and cancellation claims, as well as the federal copyright infringement claims, under 28 U.S.C. §§ 1331, 1338(a).

17.     This Court has supplemental jurisdiction over the state law claims in this action, which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

18.     This Court has personal jurisdiction over Defendants because they are incorporated in, regularly solicit and conduct business in, reside in, and/or are domiciled in this judicial district.

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because this is the judicial district where (i) a substantial part of the events or omissions giving rise to the claims occurred; and (ii) where Defendants are subject to personal jurisdiction.

## FACTS

### *The Famous TORY BURCH Brand*

20.     Tory Burch launched in 2004 out of a small boutique in Manhattan's NoLita neighborhood.  In ten years, it has grown into a billion dollar fashion powerhouse with more than 2,000 employees and more than 100 Tory Burch stores worldwide.  In addition, Tory Burch operates a multi-channel business platform in more than fifty countries across four continents, and

the fashion line is carried at over 1,000 department and specialty stores worldwide, including such well-known retailers as Saks Fifth Avenue, Bergdorf Goodman, Neiman Marcus, Nordstrom, and Bloomingdale's.

21.     Bright and bold colors, including orange in particular, are an integral part of the overall aesthetic of the TORY BURCH brand.   For example, Tory Burch boutiques are instantly recognizable by their oversized orange lacquered doors.   And Tory Burch's packaging, tags, and other point-of-sale materials incorporate bright and bold colors and designs, including the color orange and the 4T Design.

**The TT Logo**

22.     Tory Burch's distinctive TT Logo is the heart of the TORY BURCH brand.  It is used in connection with handbags, including totes, cross-body bags, clutches, shoulder bags, evening bags, and coordinating wallets and wristlets, as well as a variety of other products, including clothing, footwear, jewelry, and housewares.  The Tory Burch products represent a distinctive style aesthetic that has been described as "preppy-bohemian."  Exh. 1.  The following are examples of the TT Logo depicted on Tory Burch handbags, footwear, jewelry, and accessories.





23.     Tory Burch filed its first federal trademark application to register the TT Logo on

September 23, 2003, and began using the TT Logo in connection with handbags, clothing, and

footwear, among other items, in February of 2004.  Tory Burch owns common law rights in and

incontestable federal trademark registrations for the TT Logo in connection with such goods and

related services (*see* trademark registration summary chart below).  Tory Burch also owns a

copyright registration for the TT Logo (U.S. Reg. No. VA 1-768-387), with a year of creation of

2003 and a date of first publication of February 1, 2004).  Exh. 2.

24.     Tory Burch also owns numerous other trademark registrations for the TT Logo and

variations thereof (collectively, the "Tory Burch Registered Trademarks") in connection with a

variety of goods and services, including handbags, clothing, footwear, and jewelry.  The following

chart contains the details of many of the registrations for the Tory Burch Registered Trademarks.

| Mark | Status | Goods/Services |
|------|--------|----------------|
| ⊕ | Registration Reg. No. 3029795 First Use 2/1/04 Reg. Date 12/13/05 | 04: Candles<br>14: Jewelry<br>18: Accessories, namely, handbags, umbrellas and cosmetic bags sold empty<br>24: Housewares, namely, towels<br>25: Clothing, namely, shirts, tops, sweaters, pants, skirts, shorts, dresses, bathing suits, bikinis, sarongs, shoes, socks, belts, robes and headwear; outerwear, namely, scarves, jackets, vests, and coats |

| Mark | Status | Goods/Services |
|---|---|---|
|  | Registration<br>Reg. No. 3024142<br>First Use 2/8/04<br>Reg. Date 12/6/05 | 35: Retail clothing apparel and accessories stores |
|  | Registration<br>Reg. No. 3563326<br>First Use 2/1/04<br>Reg. Date 1/20/09 | 18: A full line of handbags<br>25: A full line of women's clothing and footwear |
|  | Registration<br>Reg. No. 4029068<br>First Use 1/1/08<br>Reg. Date 9/20/11 | 25: Socks, robes |
|  | Registration<br>Reg. No. 4129090<br>First Use 10/31/08<br>Reg. Date 4/17/12 | 06: Metal key chains |
|  | Registration<br>Reg. No. 4150523<br>First Use 10/31/08<br>Reg. Date 5/29/12 | 18: Leather key chains |
|  | Registration<br>Reg. No. 4276065<br>First Use 9/30/08<br>Reg. Date 1/15/13 | 16: Calendars, note cards, passport covers, pen and pencil cases, pencils, stationery |
|  | Registration<br>Reg. No. 4432775<br>First Use 9/6/13<br>Reg. Date 11/12/13 | 03: Cologne; cosmetic preparations for body care; cosmetics; fragrances for personal use; non-medicated skin care preparations; perfumes |
|  | Registration<br>Reg. No. 4045568<br>First Use 10/21/09<br>Reg. Date 10/25/11 | 09: Eyewear; eyewear cases |
|  | Registration<br>Reg. No. 4213404<br>First Use 10/31/08<br>Reg. Date 9/25/12 | 18: Backpacks; Beach bags; Business card cases; Coin purses; Dog collars; Dog leashes; Overnight bags; Pet clothing; Wallets; Wristlet bags |

| Mark | Status | Goods/Services |
|---|---|---|
| | Registration<br>Reg. No. 4213405<br>First Use 10/31/09<br>Reg. Date 9/25/12 | 09: Cell phone cases; Leather protective covers specially adapted for personal electronic devices; Protective covers and cases for cell phones, laptops and portable media players |
| | Registration<br>Reg. No. 4459720<br>First Use 6/30/12<br>Reg. Date 12/31/13 | 18: Backpacks; Cosmetic cases sold empty; Handbags; Leather pouches; Tote bags |
| | Registration<br>Reg. No. 4365683<br>First Use 3/31/13<br>Reg. Date 7/9/13 | 25: Belts; footwear |
| | Registration<br>Reg. No. 4242007<br>First Use 11/30/09<br>Reg. Date 11/13/12 | 09: Eyewear |
| | Registration<br>Reg. No. 4382707<br>First Use 1/31/11<br>Reg. Date 8/13/13 | 09: Cell phone cases; Eyewear; Leather protective covers specially adapted for personal electronic devices; Protective covers and cases for cell phones, laptops and portable media players; Sunglasses |
| | Registration<br>Reg. No. 4363739<br>First Use 1/31/11<br>Reg. Date 7/9/13 | 14: Jewelry |
| | Registration<br>Reg. No. 4317165<br>First Use 8/31/07<br>Reg. Date 4/9/13 | 18: Business card cases; Cosmetic cases sold empty; Handbags; Leather pouches; Luggage; Purses; Tote bags; Umbrellas; Wallets; Wristlet bags |
| | Registration<br>Reg. No. 4345875<br>First Use 8/31/07<br>Reg. Date 6/4/13 | 25: Belts; Dresses; Footwear; Hats; Jackets; Pajamas; Pants; Scarves; Shirts; Skirts; Sweaters; Swimwear |

The above-identified registrations are valid, subsisting, and in full force and effect.  Exh. 3.

**The 4T and Lux T Jacquard Designs**

25.    Since 2004, Tory Burch also has used the following 4T Design, which conforms to the

Tory Burch design style aesthetic, in connection with a variety of goods and services, including

handbags, clothing, and footwear.

11



26.    Below is an example of a Tory Burch shopping bag bearing the 4T Design.



27.    Tory Burch owns copyright registrations for the 4T Design (Reg. Nos. VA 1-812-667,

with a year of completion of 2003 and a date of first publication of February 27, 2004, and VA 1-

655-281, with a year of completion of 2003 and a date of publication of February 29, 2004).  Exh.

4.

28.    Since at least as early as 2008, Tory Burch has also used the following Lux T Jacquard

Design in connection with handbags, clothing, and footwear, and has obtained a copyright

registration for that design (Reg. No. VA 1-655-228, with a year of completion of 2006 and a date

of first publication of November 30, 2007).  Exh. 5.  Among other uses, Tory Burch has also

featured the Lux T Jacquard Design as a repeating pattern on the exterior and/or interior of its handbags.



**Brand Significance**

29.    Over the past decade, the Tory Burch Trademarks, the Tory Burch Copyrighted Designs, and the TORY BURCH brand have seen a meteoric rise in recognition and popularity. *See River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13-Civ-3669, 2014 WL 6850966, at *1 (S.D.N.Y. Dec. 4, 2014) (granting Tory Burch's motion for summary judgment as to defendant's liability for trademark infringement and noting that TORY BURCH is a "well-known fashion brand").   In 2013 alone, Tory Burch earned sales revenues in excess of $900 million.  Moreover, Tory Burch has invested hundreds of millions of dollars in marketing and advertising its goods, marks, and designs.

30.    The TORY BURCH brand has a strong media presence, and is frequently covered by fashion blogs, magazines, newspapers, and talk shows.  One of the earliest defining moments for Tory Burch was in 2005 when Oprah Winfrey endorsed the brand on her talk show; immediately after Oprah's endorsement, the Tory Burch website received over eight million hits.  Exh. 6.  The popular television series Gossip Girl frequently features Tory Burch products (and Ms. Tory Burch herself made a cameo appearance in an episode in 2009).  Exh. 7.

31.    Social media platforms are constantly active with buzz about the TORY BURCH brand, with fans posting photos of recent purchases, commenting on current and future collections, and "pinning" photos of desired products on Pinterest.  The TORY BURCH brand has over

1,300,000 likes on Facebook and Ms. Tory Burch has over 670,000 followers on Instagram and over 341,000 followers on Twitter.  Exh. 8.

32.     TORY BURCH brand products are particularly popular among the fashion conscious and celebrity trend-setters.  Celebrities frequently seen wearing TORY BURCH products include Blake Lively, Oprah Winfrey, Jennifer Lopez, Rashida Jones, Jessica Alba, Hilary Swank, Sarah Jessica Parker, Reese Witherspoon, Pippa Middleton, and Anne Hathaway.  Exh. 9.  Recently, Kate Middleton was photographed wearing a graphic print TORY BURCH dress during a "play date" with Prince George in New Zealand, and the dress sold out almost immediately on Tory Burch's website and every other online retailer, including Nordstrom.com, Bloomingdales.com, and Net-a-Porter.  Exh. 10.  On another occasion, Michelle Obama wore an aqua blue tie-dye TORY BURCH dress to an event in Watertown, Wisconsin; within days, the dress sold out on the Tory Burch website and other online retailers such as Shopbop.  Exh. 11.

33.     Not surprisingly, Tory Burch has received many awards and accolades, including (i) the 2008 Accessories Designer of the Year award from the Council of Fashion Designers of America; (ii) the 2007 Accessory Brand Launch of the Year award from the Accessories Council of Excellence; and (iii) the 2005 Rising Star Award for Best New Retail Concept from Fashion Group International.  Exh. 12.

34.     The TT Logo in particular is frequently the subject of unsolicited media coverage and has been repeatedly recognized for its popularity and iconic status:

- "**iconic double-T medallion**" ("Pretty Smart," Fast Company, September 2014);
- "now **instantly recognizable double T logo**" (Rubenstein, Hal, "The Tory Effect," Delta Sky, May 2014);
- "It's **the double T medallion that has women screaming . . .**" (NBC Today Show, September 26, 2013);
- "**distinctive double-T logo**" (Forbes, Moira, "Tory Burch's Seven Lessons for Entrepreneurs," Forbes, May 22, 2013);

- "**a stacked-T logo as instantly recognizable** as those of brands established generations prior" (Gaffney, Adrienne, "Tory Burch," The Wall Street Journal, October 26, 2012);

- "the **iconic Tory Burch logo**" ("Madder Men," Forbes, May 7, 2012);

- "bold prints and the **double-T logo medallion are hallmarks** of the affordable luxury Tory Burch brand" (Amato-McCoy, Deena M., "Tory Burch," Apparel, May 1, 2012);

- "[The Tory Burch] line, **with its distinctive double T logo**, is now in hundreds of department stores" (CBS News Sunday Morning, January 29, 2012);

- "But **the foundation of Burch's brand is her logo, two graphically styled T's. The logo has shaped Burch's concept from the beginning and is one of the most recognizable fashion icons**." ("Designer Tory Burch Resonates with Us," November 10, 2011);

- the "**signature double-T medallion**" (Sapienza, Terri, "Clothes to Home with Tory Burch," The Denver Post, October 24, 2011);

- "the **near-ubiquitous double-T logo**" (Cardwell, Diane, "Where Fashion Types Talk of Summer Travel," New York Times, June 25, 2011); and

- "**The famous double T LOGO** . . . is Tory Burch's most famous . . ." (Urban Dictionary, "Tory Burch").

Exh. 13.

35.     As a result of Tory Burch's extensive use and promotion of its brand for over a decade, the Tory Burch Trademarks and Copyrighted Designs, including the famous TT Logo, have acquired considerable value and recognition; are symbols of Tory Burch's quality, reputation, and goodwill; and serve as instant source-identifiers for Tory Burch's products and services. *See Lin & J*, 2014 WL 6850966, at *1 (noting Tory Burch's continuous use and extensive promotion of the TT Logo as a source identifier for many of its products since 2004).

**Quality Control and Brand Protection**

36.     Tory Burch's products are distributed through a carefully controlled network of authorized retailers, including high-end department stores, select quality boutiques, more than 100 TORY BURCH retail boutiques, and Tory Burch's website. *See Lin & J*, 2014 WL 6850966, at

*2 (noting that sales of TORY BURCH brand products are limited to a network of authorized retailers).

37.     Tory Burch maintains strict quality control standards for all of its products.  *See Lin & J*, 2014 WL 6850966, at *2 (noting Tory Burch's strict quality control standards).  Such control is necessary, as the TORY BURCH brand, similar to other high-end brands with recognizable logos, is the subject of counterfeiting and trademark infringement.  Since its inception, Tory Burch has spent significant resources to protect its rights in the Tory Burch Trademarks and Tory Burch Copyrighted Designs, including but not limited to legal actions and seizures of counterfeit goods.

### *Defendants and Their Infringing Conduct*

38.     Defendant Top Fashion is a handbag, clothing, footwear, and accessory wholesale outlet located in midtown Manhattan.  Defendant Cai Yan Chen licenses the Infringing TT Logo and Infringing T Design to Defendant Top Fashion for use in connection with its infringing products.

39.     Defendant Cai Yan Chen has a history of capitalizing on the renown of famous brands.  For example, Cai Yan Chen applied to federally register a check design trademark highly similar to Burberry's famous check design (Ser. No. 85/374,777).  Exh. 14.  After Burberry filed a Notice of Opposition against Cai Yan Chen's application through the TTAB (No. 91204544), Cai Yan Chen abandoned the application.  Exh. 15.  Defendant Cai Yan Chen also owns two trademark registrations (Reg. Nos. 4,320,008 and 4,320,009) for design marks arguably confusingly similar to Louis Vuitton's famous "quatrefoil" design.  Exh. 16.

40.     In late 2012, Tory Burch learned that Top Fashion was selling handbags mimicking the distinctive design and style of Tory Burch's handbags, and bearing the Infringing TT Logo and Infringing T Design that are substantially indistinguishable from and confusingly similar to the

Tory Burch Trademarks and Tory Burch Copyrighted Designs, including the TT Logo, 4T Design, and Lux T Jacquard Design (*see* product comparison chart below).

41.     Over the course of multiple visits to Top Fashion's store since that time, Tory Burch's agents have observed and identified hundreds of handbags, wallets, makeup bags and belts containing the Infringing TT Logo and/or Infringing T Design on display.  Defendants sell as both on a retail and wholesale basis.  Upon information and belief, Defendants distribute the Infringing Products wholesale to dozens of retailers throughout the country.  The chart below demonstrates Defendants' unlawful activity by comparing examples of genuine Tory Burch handbags to Defendants' unauthorized reproductions of the Infringing TT Logo and Infringing T Designs on infringing handbags.

| Genuine Tory Burch Handbags | Defendants' Infringing Handbags |
|---|---|
|  |  |
|  |  |

| Genuine Tory Burch Handbags | Defendants' Infringing Handbags |
|---|---|
|  |  |
|  |  |
|  |  |

**2012-2013 Correspondence**

42.     Tory Burch sent a cease-and-desist letter to Top Fashion on October 12, 2012, (i) explaining Tory Burch's intellectual property rights in its TT Logo, 4T Design, and Lux T Jacquard Design; (ii) identifying Defendants' infringing conduct (use of the Infringing TT Logo and Infringing T Design in their sale of infringing products); and (iii) demanding, among other things, that Defendants immediately and permanently cease and desist their unlawful conduct. Exh. 17.

43.     On October 15, 2012, Tory Burch received a response letter from Top Fashion, via Lin Xing Hua (President of Top Fashion), refusing to comply with the demands made in Tory Burch's letter. Exh. 18. Top Fashion asserted that it was not unlawfully using Tory Burch's intellectual property. *Id*. Top Fashion indicated further that the Infringing TT Logo was licensed to Top Fashion by an individual named Cai Yan Chen, who owns a federal trademark registration for the Infringing TT Logo. *Id*.

44.     Cai Yan Chen's federal trademark application for the Infringing TT Logo in connection with "handbags, shoulder bags, backpacks, purses, tote bags, luggage, clutch purses, garment bags for travel, evening bags, and wallets" in Class 18 was filed on July 8, 2011 and claimed a first use date of June 1, 2011; it matured to registration on February 21, 2012 (Reg. No. 4,102,185). Exh. 19.

45.     Cai Yan Chen also applied to register the Infringing T Design as a trademark in connection with leather for use in the manufacture of products including handbags, claiming a first use date of June 1, 2011; however, the USPTO ultimately refused to register Cai Yan Chen's application on the basis of a likelihood of confusion with Tory Burch's TT Logo. Exh. 20. Top

Handbag did not respond to the USPTO's refusal, and the application therefore became abandoned. *Id*.

46.     On November 20, 2012, Tory Burch responded to Top Fashion's letter, explaining that Top Fashion's conduct is infringing and unlawful, regardless of whether Cai Yan Chen had obtained a federal trademark registration.  Exh. 21.  Tory Burch reiterated its demands from its October 12, 2012 letter, and noted further that Top Fashion's letter failed to address how its infringement of Tory Burch's copyright in the Lux T Jacquard Design.  *Id*.

47.     The parties exchanged correspondence throughout the remainder of 2012 and into 2013, and based on that correspondence, Tory Burch believed that Top Fashion stopped selling the Infringing Products.  However, as explained in more detail below, Tory Burch recently learned that Defendants continue to sell the Infringing Products in blatant disregard of Tory Burch's intellectual property.

**Top Fashion's Recent and Current Activities**

48.     In the first half of 2014, third parties, including agents from U.S. Customs and Border Protection, began sending Tory Burch inquiries regarding the legitimacy of Top Fashion's products.   Tory Burch then conducted an investigation and discovered that, contrary to its prior understanding, Top Fashion was in fact continuing to sell the Infringing Products.

49.     First, on June 17, 2014, an investigator for Tory Burch entered defendant Top Fashion's location at 143 West 30th Street, New York, New York 10001 and purchased a handbag bearing the Infringing TT Logo for $30.00.  The investigator paid cash and was given a business card that read, among other things "TOP FASHION, INC. Handbag Wholesale."

50.     On August 28, 2014, an investigator for Tory Burch visited the same Top Fashion location and observed several handbags bearing the Infringing TT Logo openly displayed for

purchase.  The investigator purchased two handbags and two wallets for a total price of $90.00 and paid cash.

51.     On January 9, 2015, Tory Burch's investigator visited Top Fashion and observed over seven hundred (700) Infringing Products openly displayed and available for purchase, including handbags, wallets, makeup bags, and belts bearing the Infringing TT Logo.  The investigator purchased eleven Infringing Products, including seven handbags, two wallets, one makeup bag, and one belt—all of which bear the Infringing TT Logo.

52.     Further, notwithstanding its knowledge of Tory Burch's clear prior rights, Defendants have apparently expanded their product line to include clothing, shoes, jewelry, and other accessories.  Indeed, on July 18, 2014, Cai Yan Chen filed two new federal trademark applications for the Infringing TT Logo in connection with "Dresses, skirts, tunics, sweaters, tops, shorts, pants, jackets, denim, outwear, belts, hats, scarves, gloves, swimwear and shoes, namely, heels, flats, wedges, slippers, loafers, sneakers, sandals, flip-flops, boots and espadrilles" in Class 25 (Ser. No. 86/341,327) and "jewelry and watches" in Class 14 (Ser. No. 86/341,253), with both applications claiming a first use date of August 1, 2011.  Exh. 22.  The Trademark Office recently approved the '253 application for publication.  *Id*.  The following photographs illustrate Defendants' use of the Infringing TT Logo in several expanded categories of goods:





*Genuine Tory Burch Footwear*                     *Defendants' Infringing Footwear*



**Genuine Tory Burch Jewelry**          **Defendants' Infringing Jewelry**



**Genuine Tory Burch Belt**          **Defendants' Infringing Belt**

53.     Because Cai Yan Chen's application for the Infringing TT Logo in connection with handbags wrongly matured to registration, and its application for the Infringing TT Logo in connection with jewelry and watches was wrongly approved for publication, in light of Tory Burch's longstanding and incontestable rights for nearly identical trademarks for identical goods and services, Tory Burch (i) filed a Petition to Cancel the registration with the Trademark Trial and Appeal Board; (ii) filed a Notice of Opposition against the application for jewelry and watches; (iii) intends to file a Notice of Opposition against the application for clothing and footwear, if and when it is approved for publication; and (iv) intends to file a Motion to Stay the Trademark Trial and Appeal Board proceedings during the pendency of this action.

54.     As shown above, Defendants use a combination of elements so reminiscent of the TORY BURCH brand and Tory Burch products that it is clear they are willfully executing a calculated scheme to unlawfully trade off the goodwill of the famous TORY BURCH brand.  In addition to their adoption and use of the Infringing TT Logo and Infringing T Design, Defendants:

- Position the Infringing TT Logo on their Infringing Products in the same size and manner as Tory Burch positions the TT Logo on its products, and use the Infringing TT Logo in the same gold tone Tory Burch is famous for:

 

**Genuine Tory Burch Clutch     Defendants' Infringing Clutch**

- Position the Infringing T Design on their Infringing Products in the same size and manner as Tory Burch positions the Lux T Jacquard Design on its products:



**Genuine Tory Burch Tote   Defendants' Infringing Tote**

- Sell products that are substantially similar to Tory Burch's most popular products (*e.g.*, the popular "Reva flat" depicted below):

          

**Genuine Tory Burch Reva Flat          Defendants' Infringing Reva Flat**

- Use an orange hue on their merchandise hangtags that is suspiciously similar to the distinctive orange hue used by Tory Burch:

***Distinctive Tory Burch Orange***          ***Defendants' Use of Orange***

55.     Defendants are not authorized and have never been authorized by Tory Burch to produce, manufacture, distribute, advertise, offer for sale, and/or sell products bearing the TT Logo, 4T Design, Lux T Jacquard Design, or any variation thereof.

56.     Upon information and belief, Defendants' Infringing Products are of a quality inferior to Tory Burch's genuine products.

57.     Upon information and belief, Defendants are aware of the extraordinary fame and strength of the TORY BURCH brand and the Tory Burch Trademarks and Copyrighted Designs, including the iconic TT Logo, and the goodwill associated therewith.  Upon information and belief, Defendants had access to the Tory Burch Trademarks and Copyrighted Designs prior to Defendants' creation and sale of the Infringing Products.

24

58.     Upon information and belief, Defendants are actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of Infringing Products with the knowledge that such goods will be mistaken for genuine Tory Burch products.

59.     Upon information and belief, at all relevant times, Defendant Cai Yan Chen, who has been doing business in his individual capacity, and as the owner of the Infringing TT Logo and Infringing T Design, contributed directly to these infringing acts by knowingly allowing Defendant Top Fashion to display and offer the Infringing Products.  Upon information and belief, Defendant Cai Yan Chen personally participated in, directed, and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint.  Defendant Cai Yan Chen had an obligation and ability to control and stop these infringements, but failed to do so.  Upon information and belief, Defendant Cai Yan Chen has received, and continues to receive, direct financial benefits from these acts of infringement.  These acts and omissions to act by Defendant Cai Yan Chen materially contributed to and proximately caused the infringement alleged herein.

60.     Upon information and belief, Defendants are conducting their counterfeiting and infringing activities within this judicial district and elsewhere throughout New York.

61.     Defendants' use of unauthorized reproductions of the Tory Burch Trademarks and Copyrighted Designs in connection with the manufacturing, advertising, promoting, distributing, offering for sale, and/or selling of the Infringing Products is likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade.  Defendants' wrongful conduct is likely to create a false impression and deceive consumers, the public, and the trade into believing there is a connection or association between genuine Tory Burch products and Defendants' Infringing Products.

25

62.     Defendants are engaging in the above-described illegal counterfeiting knowingly and intentionally, or with reckless disregard or willful blindness to Tory Burch's rights for the purpose of trading on the goodwill and reputation of Tory Burch.  If Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Tory Burch and the consuming public will continue to be damaged.

63.     Tory Burch is suffering irreparable injury and has suffered substantial damage as a result of Defendants' counterfeiting and infringing activities.

64.     Tory Burch has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

65.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66.     The Tory Burch Registered Trademarks are nationally recognized, including within this judicial district, as being affixed to goods originating with Tory Burch.

67.     As described above, Tory Burch owns the distinctive Tory Burch Registered Trademarks, including the TT Logo, all in connection with a variety of goods and services including clothing, footwear, handbags, and jewelry.

68.     The registrations embodying the Tory Burch Registered Trademarks, several of which are incontestable, are in full force and effect, and are entitled to protection under both federal law and common law.

69.     Tory Burch's ownership and exclusive use in commerce of the TT Logo and other Tory Burch Registered Trademarks predates the use by Defendants of their Infringing TT Logo and Infringing T Design.

70.     Defendants use the Infringing TT Logo and Infringing T Design in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of their Infringing Products.

71.     Defendants' use of the Infringing TT Logo and Infringing T Design is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

72.     Defendants' unauthorized use in commerce of the Infringing TT Logo and Infringing T Design, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114 in that it is without Tory Burch's consent and is likely to cause confusion, mistake, and/or deception among consumers.

73.     Upon information and belief, Defendants are and were at all relevant times both actually and constructively aware of Tory Burch's prior use, ownership, and registration, and Defendants' conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendants' products, and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the Tory Burch Registered Trademarks.

74.     As a direct and proximate result of Defendants' willful and unlawful conduct in violation of 15 U.S.C. § 1114, Tory Burch has been damaged and will continue to be damaged.

75.     Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Tory Burch as a result of their wrongful conduct.

76.     Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

77.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the Tory Burch Registered Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Tory Burch has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Trademark Counterfeiting – 15 U.S.C. § 1114)

78.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

79.     As described above, Tory Burch owns the distinctive Tory Burch Registered Trademarks, including the TT Logo, all in connection with a variety of goods and services including clothing, footwear, handbags, and jewelry.

80.     The registrations embodying the Tory Burch Registered Trademarks, several of which are incontestable, are in full force and effect, and are entitled to protection under both federal law and common law.

81.     Tory Burch's ownership and exclusive use in commerce of the TT Logo and other Tory Burch Registered Trademarks predates the use by Defendants of their Infringing TT Logo.

82.     Defendants, without authorization from Tory Burch, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Tory Burch Registered Trademarks, including the TT Logo, in interstate commerce.

83.     Defendants' unauthorized use of the Infringing TT Logo and Infringing T Design is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

84.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized by Tory Burch.

85.     Defendants' acts constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

86.     Upon information and belief, Defendants are and were at all relevant times both actually and constructively aware of Tory Burch's prior use, ownership, and registration, and Defendants' conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendants' products, and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the Tory Burch Registered Trademarks.

<u>**THIRD CLAIM FOR RELIEF**</u>

**(False Designation of Origin & False Description – 15 U.S.C. § 1125(a))**

87.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

88.     As described above, Tory Burch owns the distinctive Tory Burch Trademarks, all in connection with a variety of goods and services, including clothing, footwear, handbags, and jewelry.

89.     Tory Burch's ownership and exclusive use in commerce of the Tory Burch Trademarks predates the use by Defendants of their Infringing TT Logo and Infringing T Design.

90.     Defendants use the Infringing TT Logo and Infringing T Design in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of their Infringing Products.

91.     Defendants' use of the Infringing TT Logo and Infringing T Design is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

92.     Defendants' unauthorized use in commerce of the Infringing TT Logo and Infringing T Design, and advertising of the same, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Tory Burch and/or as to the origin, sponsorship, or approval by Tory Burch of Defendants' goods, services, or commercial activity.

93.     Upon information and belief, Defendants are and were at all relevant times both actually and constructively aware of Tory Burch's prior use, ownership, and registration, and Defendants' conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendants' products, and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the TT Logo.

94.     As a direct and proximate result of Defendants' willful and unlawful conduct in violation of 15 U.S.C. § 1125, Tory Burch has been damaged and will continue to be damaged.

95.     Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Tory Burch as a result of their wrongful conduct.

96.     Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

97.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the Tory Burch Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

98.     Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

99.     As described above, Tory Burch owns the distinctive and federally registered TT Logo in connection with a variety of goods and services, including clothing, footwear, handbags, and jewelry.

100.     Tory Burch's ownership and exclusive use in commerce of the TT Logo predates the use by Defendants of their Infringing TT Logo and Infringing T Design.

101.     Through consistent and continued use, product promotion, and consumer and industry recognition, Tory Burch has developed the TT Logo to the point it is "famous" within the meaning of the Lanham Act.  Defendants did not begin using the Infringing TT Logo or Infringing T Design in commerce until after Tory Burch's TT Logo became famous.

102.    Defendants use the Infringing TT Logo and Infringing T Design in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of their Infringing Products.

103.    Defendants' use of the Infringing TT Logo and Infringing T Design is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

104.    Defendants' unauthorized use of the Infringing TT Logo and Infringing T Design in the context of counterfeit products identical to Tory Burch's products is likely to cause dilution (by blurring and tarnishment) of the distinctive qualities of the TT Logo in violation of 15 U.S.C. § 1125(c).

105.    Upon information and belief, Defendants are and were at all relevant times both actually and constructively aware of Tory Burch's prior use, ownership, and registration, and Defendants' conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendants' products, and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the TT Logo and other Tory Burch Trademarks.

106.    As a direct and proximate result of Defendants' violations of 15 U.S.C. § 1125, Tory Burch has been and will continue to be damaged.

107.    Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Tory Burch as a result of their wrongful conduct.

108.    Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

109.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the TT Logo, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

<u>**FIFTH CLAIM FOR RELIEF**</u>

**(Copyright Infringement – 17 U.S.C. § 101, *et seq.*)**

110.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

111.    Tory Burch owns valid copyright registrations in the Tory Burch Copyrighted Designs.

112.    Tory Burch has complied in all respects with the Copyright Act and with all other laws governing copyright in connection with its registered works.  Tory Burch is the proprietor of all rights, title, and interest to the Tory Burch Copyrighted Designs.

113.    As the owner of the Tory Burch Copyrighted Designs, Tory Burch is entitled to exclusive use of these designs without unauthorized use of the Tory Burch Copyrighted Designs by third parties.

114.    Given the widespread popularity of the Tory Burch products bearing the Tory Burch Copyrighted Designs, Defendants had access to said copyrighted works and, upon information and belief, Defendants have knowingly infringed upon said designs by manufacturing, distributing, advertising, and selling identical and/or substantially similar copies of the designs to the public in violation of 17 U.S.C. § 501.

115.    Upon information and belief, Defendants have intentionally, knowingly, and willfully copied the Tory Burch Copyrighted Designs in order to personally benefit from the widespread

customer recognition and acceptance of said designs, and to capitalize upon the market created by said designs.

116.    Upon information and belief, the aforesaid infringements by Defendants of the Tory Burch Copyrighted Designs occurred and continue to occur with Defendants' knowledge that such designs are copyrighted, and Defendants, in committing the acts complained of herein, have willfully infringed upon Tory Burch's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, *et seq.*

117.    Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Tory Burch as a result of their wrongful conduct.

118.    Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

119.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using Tory Burch's copyrighted works, including the Tory Burch Copyrighted Designs, and to recover from Defendants all damages, including attorneys' fees, that Tory Burch has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(b), and attorneys' fees and treble damages pursuant to 17 U.S.C. § 505(b).

## SIXTH CLAIM FOR RELIEF

**(Dilution and Injury to Business Reputation – NY General Business Law § 360-1)**

120.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

121.    As described above, Tory Burch owns the distinctive TT Logo in connection with a variety of goods and services, including clothing, footwear, handbags, and jewelry.

122.    Through consistent and continued use, product promotion (including in New York), and consumer and industry recognition, Tory Burch has developed the TT Logo to the point it is "famous" within the meaning of the Lanham Act.  Defendants did not begin using the Infringing TT Logo or Infringing T Design in commerce until after Tory Burch's TT Logo became famous.

123.    Tory Burch's ownership and exclusive use in commerce of the TT Logo predates the use by Defendants of their Infringing TT Logo and Infringing T Design.

124.    Defendants use the Infringing TT Logo and Infringing T Design in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of their Infringing Products.

125.    Defendants' use of the Infringing TT Logo and Infringing T Design is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

126.    Defendants' unauthorized use of the Infringing TT Logo and Infringing T Design in the context of counterfeit products identical to Tory Burch's products is likely to cause dilution (by blurring and tarnishment) of the distinctive qualities of the TT Logo in violation of New York, General Business Law § 360-1.

127.    Upon information and belief, Defendants are and were at all relevant times both actually and constructively aware of Tory Burch's prior use, ownership, and registration, and Defendants' conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendants' products, and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the TT Logo and other Tory Burch Trademarks.

128.    By the acts described above, Defendants have caused and will continue to cause irreparable injury to Tory Burch's goodwill and business reputation, in violation of New York, General Business Law § 360-1.

129.    As a direct and proximate result of Defendants' violations of New York, General Business Law § 360-1, Tory Burch has been and will continue to be damaged.

130.    Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Tory Burch as a result of their wrongful conduct.

131.    Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged because it has no adequate remedy at law.

132.    In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendants from using the TT Logo and variations thereof, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## SEVENTH CLAIM FOR RELIEF

**(New York Statutory and Common Law Trademark Infringement –
N.Y. Gen. Bus. L. Sec. 360-o)**

133.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

134.    As described above, Tory Burch owns the Tory Burch Trademarks in connection with a variety of goods and services, including clothing, footwear, handbags, and jewelry.

135.    Tory Burch's ownership and exclusive use in commerce of the Tory Burch Trademarks predates the use by Defendants of their Infringing TT Logo and Infringing T Design.

136.    Defendants use the Infringing TT Logo and Infringing T Design in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of their Infringing Products.

137.    Defendants' use of the Infringing TT Logo & Infringing T Design is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control its trademarks.

138.    Defendants' unauthorized use in commerce of the Infringing TT Logo and Infringing T Design, as described above, is likely to cause confusion among relevant consumers.

139.    Defendants' acts constitute trademark infringement in violation of the law of the State of New York.

140.    Upon information and belief, Defendants are and were at all relevant times both actually and constructively aware of Tory Burch's prior use, ownership, and registration, and Defendants' conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendants' products, and to injure Tory Burch and reap the benefit of Tory Burch's goodwill associated with the Tory Burch Trademarks.

141.    As a direct and proximate result of Defendants' trademark infringement in violation of the law of the State of New York, Tory Burch has been and will continue to be damaged.

142.    Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Tory Burch as a result of their wrongful conduct.

143.    Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

**EIGHTH CLAIM FOR RELIEF**

**(New York Common Law Unfair Competition
and Misappropriation of Intellectual Property Rights)**

144.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

145.    As described above, Tory Burch owns the distinctive Tory Burch Trademarks in connection with a variety of goods and services, including clothing, footwear, handbags, and jewelry.

146.    Tory Burch's ownership and exclusive use in commerce of the Tory Burch Trademarks predates the use by Defendants of their Infringing TT Logo and Infringing T Design.

147.    The above-described acts, including Defendants' adoption and use of the confusingly similar Infringing TT Logo and Infringing T Design, constitute common law unfair competition and misappropriation of Tory Burch's intellectual property rights.

148.    Defendants misappropriated the labors and expenditures of Tory Burch in bad faith.

149.    As a direct and proximate result of Defendants' unfair competition and misappropriation, Tory Burch has been and will continue to be damaged.

150.    Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Tory Burch as a result of their wrongful conduct.

151.    Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF

### (Unjust Enrichment)

152.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

153.    Through the conduct described above, Defendants were enriched at Tory Burch's expense and it is against good equity and conscience to permit Defendants to retain any profits or other rewards from its conduct.

154.    Defendants' conduct was with a deceptive intent.

155.    Defendants' conduct has caused, is causing, and will continue to cause Tory Burch to suffer irreparable harm and, unless Defendants are restrained, Tory Burch will continue to be so damaged, because it has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF

### (Cancellation of Cai Yan Chen's Federal Trademark Registration)

156.    Tory Burch incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

157.    This is an action for cancellation of Cai Yan Chen's trademark registration for the Infringing TT Logo, pursuant to 15 U.S.C. §§ 1064 and 1119.

158.    In view of Tory Burch's prior trademark rights in the distinctive TT Logo and other of the Tory Burch Trademarks, Cai Yan Chen is not entitled to the exclusive right to use the Infringing TT Logo and U.S. Reg. No. 4,102,185 should be cancelled.

159.    Registration of the Infringing TT Logo is causing, and will continue to cause, damage to Tory Burch, because it unfairly provides Cai Yan Chen with *prima facie* evidence of the exclusive right to use the Infringing TT Logo in connection with its Infringing Products.

160.    Based on the foregoing, Tory Burch is entitled to an order pursuant to 15 U.S.C. § 1119, directing the Director of the Trademark Office to cancel U.S. Reg. No. 4,102,185.

## PRAYER FOR RELIEF

WHEREFORE, Tory Burch respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A.    Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using the Tory Burch Trademarks, or any marks, designs or designations confusingly similar thereto and the Tory Burch Copyrighted Designs, including, but not limited to:

(1)    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Tory Burch Trademarks and/or the Tory Burch Copyrighted Designs, or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

(2)    engaging in any other activity constituting unfair competition with Tory Burch, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Tory Burch;

(3)     engaging in any other activity that would dilute the distinctiveness of the Tory Burch Trademarks; and

(4)     committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Tory Burch;

B.     Ordering Defendants to recall from any distributors and retailers and to deliver to Tory Burch for destruction or other disposition all remaining inventory of Infringing Products, or other products bearing the Tory Burch Trademarks, Tory Burch Copyrighted Designs, or any marks confusingly similar or substantially similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

C.     Ordering Defendants to file with this Court and serve on Tory Burch within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.     Declaring that the Infringing TT Logo is not entitled to federal registration based on its likelihood of confusion with the Tory Burch Trademarks;

E.     Ordering that U.S. Reg. No. 4,102,185 be cancelled and directing the Clerk of the Court to transmit notice of the Order to the Director of the Trademark Office of the United States Patent and Trademark Office;

F.     Ordering an accounting by Defendants of all gains, profits, and advantages derived from their wrongful acts;

G.     Awarding Tory Burch all of Defendants' profits and all damages sustained by Tory Burch as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b);

H.      Awarding treble damages in the amount of Defendants' profits or Tory Burch's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

I.      Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

J.      Awarding Tory Burch statutory damages pursuant to 15 U.S.C. § 1117(c) and 17 U.S.C. § 504(c);

K.      Awarding Tory Burch punitive damages in connection with its state law claims, on account of Defendants' willful misconduct and fraud and deceit upon the public; and

L.      Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Tory Burch demands a trial by jury of all claims so triable.

\*\*\*\*\*

Dated:  February 4, 2015

Respectfully submitted,

FISH & RICHARDSON P.C.
R. David Hosp (RH3344)
Elizabeth E. Brenckman (EB1378)
601 Lexington Avenue, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291
hosp@fr.com
brenckman@fr.com

Natalie L. Arbaugh (*pro hac vice* forthcoming)
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 478-3302
Fax: (214) 747-2091
arbaugh@fr.com

*Attorneys for Plaintiffs River Light V, L.P. and Tory Burch LLC*

43